**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DANIEL EFRAIN MEDINA SALIC,

    Petitioner,

v.                                                No. 2:26-cv-0745-MLG-LF

TODD BLANCHE,[1] Acting Attorney General
of the United States; et al.

    Respondents,

**ORDER LIFTING INJUNCTION ON TRANSFER**

Petitioner Daniel Efrain Medina Salic is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1. He filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petittion") on March 11, 2026. *See id.* At the time Medina Salic filed his Petition he claimed a final order of removal had not been issued. *See id.* at 2 ¶¶ 19-21; Doc. 4 at 1. On March 16, 2026, the Court entered an order enjoining Respondents from transferring Medina Salic outside the District of New Mexico during the pendency of his habeas proceedings. Doc. 4 at 3-4 (citing All Writs Act, 28 U.S.C. § 1651(a)). Respondents now ask the Court to lift this injunction in order to effectuate Medina Salic's scheduled deportation and removal in the next two weeks. Doc. 10 at 2. Respondents represent to the Court that on May 20, 2026, the Board of Immigration Appeals ("BIA") dismissed Medina Salic's appeal of the immigration court's March 3, 2026 removal order. *Id.* at 1-2. The order of removal is now final. *Id.*

If an administratively final removal order is entered by an immigration judge, the Court is

---

[1] Acting Attorney General Todd Blanche is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

1

barred from preventing the execution of the final removal order. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding . . . habeas corpus provision[s], no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders . . . ."). The Court therefore lacks jurisdiction to enforce its previous injunction. *See Torres-Moreno v. U.S. Dep't of Homeland Sec.*, No. 22-cv-438-G, 2022 WL 1817367, at *2 (W.D. Okla. June 1, 2022) ("More pointedly, a removal order has already been entered as to Plaintiff, and this Court is expressly barred by statute from reviewing or preventing the execution of that [final] removal order." (citing § 1252(g)).

Respondents' motion is therefore well-taken and the Court hereby lifts its injunction on Medina Salic's transfer outside the District of New Mexico.

The United States Attorney's Office shall file a status report by 5:00 p.m. on July 2, 2026 indicating whether Medina Salic was deported or whether he is still in federal immigration detention. The status report shall include evidence of Medina Salic's removal or where he is being held at the time of the status report's filing.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

2