## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DANIEL EFRAIN MEDINA SALIC,

     Petitioner,

v.                                                                          No. 2:26-cv-0745-MLG-LF

MARY DE ANDA-YBARRA, in her official capacity
as Director of U.S. Immigration and Customs Enforcement
and Removal Operations, et al.,

     Respondents.

## ORDER OF DISMISSAL

This matter is before the Court on Respondents' Status Report (Doc. 15) filed in response to the Court's order requesting Petitioner Daniel Efrain Medina Salic's status and supplemental briefing regarding mootness. *See* Doc. 14. Medina Salic was removed from the United States on July 6, 2026, pursuant to an order granting voluntary departure. Doc. 15 at 1. Federal Respondents therefore request the Court dismiss the petition on mootness grounds. *Id.*

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the exceptions to the mootness doctrine"). Medina Salic does not allege any collateral consequences and has not responded to Federal Respondents' mootness argument. It does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

1

2

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)); *Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

2